FILED
US DISTRICT COURT
DISTRICT OF MARYLAND

2014 JAN 31 P 2: 12

CLERK'S OFFICE
AT BALTIMORE

DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONY ROBINSON, | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-14-94 |
| | | Related Crim. Action No. CCB-10-545 |
| UNITED STATES | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

Pending is self-represented prisoner Tony Robinson's "Motion filed nunc pro tunc designation and that this court inform petitioner of the status of the rule 36 motion." [sic] ECF No. 366. Petitioner is advised that on January 22, 2014, the Government filed its opposition to his counselled motion for retroactive application of the sentencing guidelines. ECF No. 368. To the extent petitioner raises other claims in his self-represented motion (ECF No. 366), the court deems the motion more properly construed under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside or Correct, and will grant Robinson twenty-eight days to state whether he wants this matter to proceed as a § 2255 motion, withdraw the pleading, or have it ruled on as filed.

Robinson pled guilty before this court to conspiracy to distribute and possess with intent to distribute cocaine base and cocaine hydrochloride. On March 8, 2012, he was sentenced to a term of 120 months incarceration. Robinson appealed his convictions to the United States Court of Appeals for the Fourth Circuit, which ultimately affirmed his convictions on February 27, 2013. ECF No. 338. The court's mandate issued on March 21, 2013. ECF No. 345. Thereafter, Robinson filed, through counsel, a "Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense." ECF No. 357. That motion remains pending.

On January 9, 2014, the court received Robinson's self-represented motion seeking clarification of the status of his counselled motion, and "relation back" of new claims arising under *Alleyne v. United States,* 133 S.Ct. 2151 (2013), to the date of filing of the counselled motion. Robinson is attacking the validity of his conviction and sentence, and the appropriate avenue to bring his challenge is by way of a § 2255 motion.[1] *See Calderon v. Thompson,* 523 U.S. 538, 554 (1998) (subject matter of a motion, not the caption assigned to it by a self-represented petitioner determines status). Courts may recharacterize a motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States,* 540 U.S. 375, 381 (2003).

In accordance with *Castro,* 540 U.S. at 381-82, Robinson is notified of the court's intent to construe his pleading as a Motion to Vacate under 28 U.S.C. § 2255. As a consequence of considering the pleading under § 2255, subsequent § 2255 petitions collaterally attacking the judgment or sentence will be subject to dismissal as a second or successive petition unless preauthorization filing is obtained from the Court of Appeals. *See id.* Robinson will be granted twenty-eight days to inform the court whether he wants to withdraw or amend the motion or proceed with it as filed. In the event Robinson fails to timely state his intentions, the court may treat his filing as a motion under 28 U.S.C § 2255. A § 2255 forms and information packet will be sent to Robinson to assist him in supplementing his pleading should he intend to pursue his

---

[1] 28 U.S.C. § 2255 provides in relevant part:
    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

claims accordingly. Robinson is instructed to write the above civil case number on all documents he files in this case.

For the reasons stated above, the Court intends to construe the motion pursuant to 28 U.S.C. § 2255. Robinson will be granted twenty-eight days to inform the court whether he wants to withdraw or amend the pleading or proceed with it as filed. A separate Order follows.

January 31, 2014  /s/ CCB
Date  Catherine C. Blake
United States District Judge