FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 MAR -9 AM 11: 26

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. CCB-10-0545 |
| TONY ROBINSON | : | |

...oOo...

## MEMORANDUM

Federal prison inmate Tony Robinson, through counsel, has filed a motion to correct his sentence. (ECF No. 357.) After some delay while counsel attempted to negotiate a resolution, which Robinson ultimately rejected, the government filed an opposition, (ECF No. 368), and Robinson's counsel filed a reply, (ECF No. 377). Representing himself, Robinson filed papers potentially construed as a motion under 28 U.S.C. § 2255 and a motion to amend that earlier filing, explaining that Robinson did wish to file a § 2255 motion. (ECF Nos. 367, 371). Those motions are not being resolved directly at this time.

Robinson's motion to correct is directed at the 120-month mandatory minimum sentence imposed on March 8, 2012, following his guilty plea to a conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base. (*See* J. 1–2, ECF No. 292.) The conspiracy, as admitted by Robinson at his guilty plea, began in June 2009 and continued through August 2010. (*See* Plea Tr. 12–14, Oct. 6, 2011, ECF No. 321.) At sentencing, counsel agreed that Robinson might have qualified for the safety valve, 18 U.S.C. § 3553(f), and thus would have been eligible for sentencing below the mandatory minimum, but for a two-year period of unsupervised probation imposed as a sentence for driving on a suspended license. (*See* Sentencing Tr. 8 –9, Mar. 8, 2012, ECF No. 324; PSR ¶ 25.) The sentence, reflected in ¶ 25 of the presentence report, was imposed on September 7, 2007, and did not expire until September 7,

1

2009, after Robinson's drug conspiracy began. One point was imposed for the conviction itself under U.S.S.G. § 4A1.1(c), and two points were added because Robinson was on probation at the time of the offense, as required by U.S.S.G. § 4A1.1(d). (*See* PSR ¶¶ 25, 28.) Thus his total points (3) placed him in Criminal History Category II and made him ineligible for the safety valve. *See* U.S.S.G. § 5A; 18 U.S.C. § 3553(f)(1).

After the sentencing, on July 3, 2012, counsel filed a petition for coram nobis in the Baltimore City Circuit Court. (*See* Opp. Mot. Correct Ex. 1, Petition, ECF No. 368-1.) The petition alleged ineffective assistance of prior counsel for not timely filing a motion seeking to reduce the sentence of probation as permitted under state law. (*See id.* at 9–10.) At a hearing on January 7, 2013, that motion was granted to the extent it sought leave to file a belated motion to reduce the length of Robinson's probation. (*See* Opp. Mot. Correct Ex. 2, Coram Nobis Tr. 20, Jan. 7, 2013, ECF No. 368-2.) Counsel later obtained a hearing on his motion to shorten the period of probation. The sole basis of that motion, which the court granted, was to avoid the "bump up" to Criminal History Category II. (*See* Opp. Mot. Correct Ex. 4, Mot. Modify Tr. 6–7, ECF No. 368-4; *see also* Opp. Mot. Correct Ex. 3, Mot. Modify ¶¶ 5–7, ECF No. 368-3.) There was no constitutional or legal error identified in the imposition of the original two-year period of probation.

Robinson filed the present motion under Federal Rule of Criminal Procedure 36, but that Rule does not provide a basis for modification of a sentence except for "clerical error, . . . oversight or omission," which are not present here. Modification of a federal sentence may be obtained under 28 U.S.C. § 2255 where, for example, a state court sets aside a state conviction. *Cf. United States v. Bacon*, 94 F.3d 158, 161 n.3 (4th Cir. 1996). And the sentencing guidelines recognize that certain types of prior sentences, including those "ruled constitutionally invalid in a

prior case," cannot be the basis for calculating a defendant's criminal history. U.S.S.G. § 4A1.2, cmt. n.6. But the courts that have considered the issue have denied a safety valve adjustment where a state court shortened a defendant's probationary sentence nunc pro tunc for the purpose of reducing unfavorable collateral sentencing consequences in federal court, a concern "unrelated to innocence or errors of law." *United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) (citing U.S.S.G. § 4A1.2, cmt. n.10). *See also United States v. Pech-Aboytes*, 562 F.3d 1234, 1239–40 (10th Cir. 2004); *United States v. Martinez-Cortez*, 354 F.3d 830, 832 (8th Cir. 2004). In this case, the record makes clear that Robinson's sentence was reduced not for any error in its original imposition but only to further his eligibility for application of the safety valve and thus a reduced sentence.[1] While understandable, it is not sufficient legally to permit this court to change its prior judgment, absent agreement by the government.

To the extent Robinson seeks relief through 28 U.S.C. § 2255 on the basis of the reduced sentence of probation, he cannot succeed, for the reasons stated here. It is not clear, however, whether Robinson seeks to pursue relief under 28 U.S.C. § 2255 on any other basis. Accordingly, his motion to correct his sentence will be denied, but he will be given 28 days to state in writing whether he has any other reasons to seek relief under 28 U.S.C. § 2255.[2]

A separate order follows.

March 9, 2015
Date

/s/ _____
Catherine C. Blake
United States District Judge

---

[1] Although the state court granted Robinson's motion nunc pro tunc on the basis of a constitutional error, that victory merely authorized Robinson to file a belated motion to modify his sentence. When Robinson filed that motion to modify, it was granted only to facilitate Robinson's eligibility for the safety valve in these proceedings.

[2] Robinson has also moved to expedite resolution of his motion to correct, (ECF No. 382), which will be denied as moot.